```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**TIMOTHY DAVID DANKO,**

    **Petitioner,**

v.                          //        CIVIL ACTION NO. 1:16CV64
                                      CRIMINAL ACTION NO. 1:08CR80
                                            (Judge Keeley)

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 8]

On April 14, 2016, the pro se petitioner, Timothy David Danko ("Danko"), an inmate at FCI Allenwood, filed a motion to vacate pursuant to 28 U.S.C. §§ 2255, which the Court referred to United States Magistrate Judge Michael J. Aloi for initial screening and a Report and Recommendation("R&R") in accordance with LR PL P 2. Danko's petition asserted two claims for relief. First, Danko claims that his counsel was ineffective for failing to advise him or object to the amended presentence report ("PSR") that raised his restitution to one of the victims from $1,500.00 to $3,625.60. Next, Danko claims that the Court relied on unverified, fraudulent declarations regarding the victim's loss in determining the amount of restitution.

On June 20, 2017, Magistrate Judge Aloi issued an R&R, in which he recommended that the Court dismiss Danko's petition because the claim for relief that he seeks is not properly brought under a § 2255 petition (dkt. no. 8 at 6-7). Further, to the extent that the relief Danko seeks may be brought pursuant to a § 2241

**DANKO V. USA**                                                                                                1:16CV64

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 8]**

petition, such a petition must be brought in the jurisdiction where he is currently incarcerated, which is the Middle District of Pennsylvania. Id. at 7. The R&R also specifically warned Danko that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue. Id. at 7-8. On July 12, 2017, Danko filed his objection to the R&R (dkt. no. 10).

## STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions of the R&R to which an objection is timely made. See 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In such cases, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellaciprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Further, courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

**DANKO V. USA**                                                                                                **1:16CV64**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 8]**

    A failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). Finally, objections that reiterate the same arguments already presented and fully addressed in the R&R "lack the specificity required by Rule 72 and have the same effect as a failure to object." Phillips v. Astrue, 2011 WL 5086851, at *2 (W.D.Va. Oct. 25, 2011 ) (citing Veney v. Astrue, 539 F.Supp.2d 841, 845 (W.D.Va. 2008)).

**DISCUSSION**

    Danko's objections simply reiterate arguments he previous raised in his petition, which were clearly addressed and thoroughly analyzed in Judge Aloi's R&R, and, therefore, the R&R is subject only to clear error review. Phillips, 2011 WL 5086851, at *2. Danko once again argues that he was unaware that the amount of restitution to one of his victims had increased from $1,500.00 in the original PSR, to $3,650.00 in the amended PSR. His objection claims that he "had no reason to suspect that there was a revised PSR or increased restitution, until it was pointed out by his Unit Team at FCI Allenwood." Dkt. No. 1 at 3. Further, he contends that he "could not have become aware of the revised PSR until September, 2015, when his unit team informed him of the increase in his restitution." Id. at 4.

3

**DANKO V. USA**                                                                                           **1:16CV64**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 8]**

To begin, the R&R correctly notes that Danko cannot challenge his restitution through a § 2255 petition. See United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003) (collecting cases and noting that "the plain and unambiguous language of [§ 2255] - "[a] prisoner in custody . . . claiming the right to be released" - precludes a restitution challenge"); U.S. v. Hudgins, 201 Fed. Appx. 142 (4th Cir. 2006) (unpublished) (citing Bernard). Challenges to restitution may only be brought through a § 2241 petition in the judicial district in which the defendant is currently incarcerated, which, in Danko's case, is the Middle District of Pennsylvania. See Bernard, 351 F.3d at 361; Hudgins, 201 Fed. Appx. at 143.

Nevertheless, even if the Court had jurisdiction to hear Danko's challenge, his claim would fail on the merits. Although he argues that he was unaware of the amount of restitution until September 2015, Danko's memory fails him — badly. A review of the sentencing transcript completely belies Danko's arguments. During the sentencing hearing, the Court discussed with the parties the amended PSR and, specifically, the increase in restitution due to one of Danko's victims. See Case No. 1:08-cr-80, dkt. no. 50 at 5. Indeed, not only was there a lengthy discussion of the issue, the government called the victim as a witness in order to establish the proper amount of restitution. Id. at 14-20. Following the victim's

4

**DANKO V. USA** 1:16CV64

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 8]**

testimony, the Court made the clear determination that the proper amount was $3,625.60.[1] Id. at 20. Thus, it is quite evident that Danko was aware of the amount of restitution at the time of his sentencing and any argument that he first learned of the amended PSR or the increased restitution amount until September 2015 — six and one half years later — is entirely baseless.

## CONCLUSION

After reviewing the record and the R&R, and finding no clear error, the Court **ADOPTS** the R&R in its entirety (dkt. no. 8), **DENIES** Danko's petition, **DISMISSES** this case **WITHOUT PREJUDICE,** and **ORDERS** this case stricken from its active docket.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of

---

[1] The victim's final total claim was for $3,825.60, but the Court determined that $200.00 of the claim lacked documentary support. The Court left open the final amount for ninety days, giving the victim the opportunity to provide the proper documentation. The $200 was never added to the restitution amount, presumptively because the victim never presented the proper documentation. See Case No. 1:08-cr-80, dkt. no. 50 at 19-20.

**DANKO V. USA** 1:16CV64

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 8]**

Appellate Procedure 22." 28 U.S.C. foll. § 2255 (a). The Court finds it inappropriate to issue a certificate of appealability in this matter because Danko has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Danko has failed to make the requisite showing, and **DENIES** a certificate of appealability.

    It is so **ORDERED**.

    Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: July 18, 2017.

                                      /s/ Irene M. Keeley
                                      IRENE M. KEELEY
                                      UNITED STATES DISTRICT JUDGE